UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HOUGHTALING, #302129,

      Plaintiff,                          Hon. Paul L. Maloney

v.                                                Case No. 1:24-cv-263

JUSTIN SIWANOWICZ,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 49). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this action terminated.

## BACKGROUND

Plaintiff is presently incarcerated by the Michigan Department of Corrections (MDOC) at the Newberry Correctional Facility. Plaintiff initiated this action against Corrections Officer Justin Siwanowicz concerning events that occurred while incarcerated at the Earnest C. Brooks Correctional Facility. In his amended complaint (ECF No. 47) Plaintiff alleges the following.

In May 2021, Plaintiff, believing his life was in danger, requested "protection" from MDOC staff. Prison officials investigated the matter, after which Plaintiff was transferred to the "Protection Unit for his safety." While confined in protective

-1-

custody, Plaintiff "had frequent contact" with Defendant. The pair "did not get along well" and on one occasion, Defendant "said words to the effect that she wished Plaintiff was not in protective custody so he would get what was coming to him."

On August 12, 2021, Defendant arrived at Plaintiff's cell "to remove bedding." After entering Plaintiff's cell, Defendant "walked away from [Plaintiff's] cell, leaving the door wide open and unattended." Plaintiff "pleaded with Defendant to close his cell door, warning that he was in protective custody and could be harmed by general population prisoners." Defendant refused, stating, "I'm not going to keep opening and closing your fucking cell door." Plaintiff again "begged" Defendant to close the door. Defendant, however, declined and exited down the hallway.

Moments later, prisoner Dangelo Weaver, a general population inmate, "entered Plaintiff's cell armed with a homemade knife and violently stabbed Plaintiff" causing "severe stab wounds to his head, neck, shoulders, arms, and hand." As a result, Plaintiff suffers long-term physical, psychological, emotional, and mental trauma. Plaintiff alleges that Defendant failed to protect him in violation of his Eighth Amendment rights and, moreover, exhibited gross negligence in violation of Michigan law. Defendant Siwanowicz now moves for summary judgment. Plaintiff has responded to this motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot

merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## ANALYSIS

### I. Failure to Protect

Plaintiff's failure to protect claim implicates the Eighth Amendment, which requires Plaintiff to establish that Defendant Siwanowicz was deliberately indifferent to "a substantial risk" that Plaintiff might suffer "serious harm." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). The deliberate indifference standard incorporates both an objective and subjective component. *Farmer*, 511 U.S. at 834. The objective prong requires Plaintiff to establish that he was "incarcerated under conditions posing a substantial risk of serious harm." *Id.* As for the subjective prong, Plaintiff must prove that Defendant was

"subjectively aware of the risk," but failed "to take reasonable measures to abate it.'" *Greene*, 361 F.3d at 294 (quoting *Farmer*, 511 U.S. at 829, 847).

To prevail on the specific claim that Defendant failed to protect him from an assault by another inmate, Plaintiff must establish: (1) Defendant had reason to believe Plaintiff would be assaulted by another inmate and (2) she had both the opportunity and means to prevent the assault. *See, e.g., Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013).

Furthermore, that Defendant may have acted negligently is insufficient to establish a violation of the Eighth Amendment. *See, e.g., Farmer*, 511 U.S. at 835 (to prevail on an Eighth Amendment claim, the plaintiff must establish that the defendant acted with a "state of mind more blameworthy than negligence"); *Tolbert v. Parker*, 2022 WL 532811 at *3 (E.D. Tenn., Feb. 22, 2022) ("[m]ere negligence or dereliction of duty cannot be the basis of a failure-to-protect claim") (citing *Daniels v. Williams*, 474 U.S. 327, 328 (1986)).

Defendant argues that Plaintiff cannot establish the objective or subjective elements of the analysis. The Court only partly agrees.

A.   Objective Prong

Defendant argues that, because Plaintiff presented no evidence enabling prison officials to identify who might be targeting him, he cannot satisfy the objective prong. Defendant's argument, however, ignores one significant fact – prison officials did, in fact, place Plaintiff in protective custody following his request for protection.

-5-

It is undisputed that, on July 16, 2001, Plaintiff requested protection because "someone has put a hit out on him. . .and if he stays in GP [General Population], he will end up being killed." (ECF No. 50-2, PageID.417). Following an investigation, prison officials determined that Plaintiff's "protection[] needs cannot be met [at this facility]," thus Plaintiff was placed in protective custody pending a transfer to a different facility. (*Id.*).

While it is true that prison officials concluded that "the threat against [Plaintiff's] life can not be confirmed," it was likewise determined that "a threat against his life could be a real possibility." (*Id.*). This latter conclusion was confirmed by the decision to place Plaintiff in protective custody pending his transfer to a facility that could meet his protection needs. That prison officials were unable to determine the precise identity of the prisoner[s] who might pose a threat to Plaintiff does not carry the significance that Defendant asserts. *See, e.g., Westley v. Harris*, 2024 WL 4111143 at *3 (6th Cir., Sept. 4, 2024) (citing *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004)) (the objective component is satisfied where prison officials perceived "a substantial risk to a particular inmate, even if the officials were unaware of who would commit the assault").

In sum, interpreting the evidence in a light most favorable to Plaintiff, a reasonable juror could conclude that prison officials transferred Plaintiff to protective custody because they believed that there existed a substantial risk that he would be assaulted by another inmate. Accordingly, the undersigned concludes that Defendant has not satisfied her burden to obtain summary judgment on this ground.

B.      Subjective Prong

With respect to the subjective prong, however, the undersigned reaches a different conclusion.   The evidence before the Court reveals the following.

Inspector J. Goostrey was the person who investigated Plaintiff's request for protection.   (ECF No. 50-2, PageID.417).   Goostrey testified that the specific allegations concerning Plaintiff's request for protection were not shared with Corrections Officers, including Defendant.   (ECF No. 53-1, PageID.666-67).   As Goostrey testified, the Brooks facility was not a "protective custody institution" and, therefore, did not have cells dedicated to protective custody.   (ECF No. 53-1, PageID.667).   Instead, prisoners requiring protection were placed in cells ordinarily designated CPH, "confinement pending hearing."   When a prisoner was placed in a CPH cell, the only information provided to Corrections Officers was simply whether the prisoner was there for disciplinary or protective reasons.   No further information was provided to Corrections Officers.   (ECF No. 53-1, PageID.667).   Defendant Siwanowicz likewise testified that she had no knowledge why Plaintiff was placed in protective custody or the nature of any alleged or potential threat prompting such.   (ECF No. 50-8, PageID.501-02, 514-15).

As it turned out, the reason Plaintiff was attacked by Dangelo Weaver was completely unrelated to Plaintiff's request for protection.   Weaver testified that the day prior to attacking Plaintiff, he was having a conversation with another inmate when Plaintiff just interrupted and began "disrespecting" Weaver.   (ECF No. 50-6, PageID.469-72).   Prior to this incident, Weaver had never interacted with Plaintiff and

had no issues with Plaintiff. (ECF No. 50-6, PageID.470-71). The following morning when Weaver saw Plaintiff's cell door open, Weaver simply "took advantage of. . .going in there and fighting him." (ECF No. 50-6, PageID.469-72).

Plaintiff confirmed that, prior to Weaver's assault, he never had any disagreement with Weaver and likewise had no reason to fear him. (ECF No. 50-7, PageID.482). Defendant testified that she had no knowledge of any issues or trouble between Plaintiff and Weaver. (ECF No. 50-8, PageID.517). Defendant testified that she never heard Weaver threaten Plaintiff or any other inmate. (ECF No. 50-8, PageID.518-19). Defendant further testified that Plaintiff never reported to her that Weaver had made threats to him. (ECF No. 50-8, PageID.519). That Plaintiff was not experiencing issues or difficulties with other prisoners was confirmed by two other Corrections Officers. (ECF No. 50-9, PageID.553-54; ECF No. 50-10, PageID.563-64).

In sum, Plaintiff cannot establish that Defendant failed to reasonably respond to any risk to Plaintiff of which she was subjectively aware. As Defendant observes, Weaver's assault on Plaintiff appears, unfortunately, to simply be "the kind of random assault that occurs with some frequency in a prison." *Griggs v. Brown*, 1986 WL 16199 at *2 (6th Cir., Mar. 3, 1986); *Moore v. Guastella*, 2024 WL 5506982 at *7 (E.D. Mich., Sept. 19, 2024) (failure by prison officials to prevent "random assaults" does not violate the Eighth Amendment). While it is an open question whether Defendant acted negligently, such is insufficient to maintain an Eighth Amendment claim. Plaintiff's arguments in opposition to the present motion are not persuasive.

First, Plaintiff argues that Defendant was aware that Plaintiff was in protective custody. As discussed above, however, the assault on Plaintiff was completely unrelated to his request for protection. Plaintiff was not attacked because of anything related to his request for protection. Rather, Plaintiff was attacked because of an incident with Weaver the day preceding the assault.

Second, Plaintiff argues that Defendant was aware of the "specific threats against" Plaintiff and "bore personal animus toward him." There is no evidence that Plaintiff was subjected to any specific threats or that Defendant had subjective knowledge of such. As for Plaintiff's argument that Defendant exhibited personal animus toward him, such is unpersuasive. Plaintiff relies on two statements from other prisoners. James Adkins asserts that he heard Defendant tell Plaintiff that she wished he was not in protective custody so he would "get fucked up." (ECF No. 52-8, PageID.632). Zane Plants asserts that he heard Defendant tell Plaintiff that she was "going to get him fucked up before he leaves the unit for trying to ruin her coworkers['] careers." (ECF No. 52-9, PageID.635). While the Court does not condone such comments, they do not establish that Defendant possessed any subjective knowledge that Plaintiff faced any threat to his safety from Dangelo Weaver or any other inmate.[1]

---

[1] The Court has no opinion whether such statements would support some other, unasserted, cause of action.

Third, Plaintiff argues that he requested that Defendant close his cell door before leaving the area. There is no evidence, however, that this was anything more than a general request. Plaintiff did not express any particular concern for his safety or identify any particular prisoner who might constitute a threat. Again, while Defendant's response to Plaintiff's request may very well support a claim of negligence, such is not sufficient to maintain an Eighth Amendment claim. Finally, Plaintiff's argument that Defendant "knew" that the Gangster Disciples "had a hit on" Plaintiff is simply unsupported by the record.

In conclusion, and for the reasons articulated above, the undersigned concludes that Plaintiff cannot establish that Defendant failed to reasonably respond to any risk to Plaintiff of which she was subjectively aware. Accordingly, the undersigned recommends that Defendant Siwanowicz is entitled to summary judgment as to Plaintiff's Eighth Amendment claim.

C.  State Law Claim

Plaintiff has also asserted a state law claim for negligence. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Bah v. Attorney General of the State of Tennessee*, 610 Fed. Appx. 547, 555 (6th Cir., May

8, 2015) (same). As discussed above, the undersigned recommends that Plaintiff's federal law claim be dismissed. Accordingly, the undersigned further recommends that the Court decline to exercise jurisdiction over Plaintiff's state law claim and instead dismiss such without prejudice so that Plaintiff may pursue them in the appropriate state forum.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 49) be granted and this matter terminated. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                        Respectfully submitted,

Date: October 27, 2025                  /s/ Phillip J. Green
                                            PHILLIP J. GREEN
                                            United States Magistrate Judge