UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT HOUGHTALING, #302129, )<br>      Plaintiff, )<br>)<br>-v- )<br>)<br>JUSTIN SIWANOWICZ, )<br>      Defendant. )<br>) | No. 1:24-cv-263<br><br>Honorable Paul L. Maloney |

### ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Houghtaling, a prisoner under the control of the Michigan Department of Corrections, filed a verified complaint alleging Defendant Siwanowicz violated Plaintiff's Eighth Amendment rights. Counsel filed an appearance and moved for leave to file an amended complaint, which the court granted. The amended complaint pleads an Eighth Amendment failure to protect claim and a claim for gross negligence (ECF No. 47).

Defendant filed a motion for summary judgment (ECF No. 49). The Magistrate Judge issued a report recommending the court grant the motion (ECF No. 59). Plaintiff filed objections (ECF No. 60). Defendant also filed objections (ECF No. 61). The court will adopt the report and recommendation.

I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

## II.

The Magistrate Judge concluded that Plaintiff established a genuine issue of material fact for the objective prong of a deliberate indifferent / failure to protect Eighth Amendment claim (R&R at 5-6 PageID.729-30). The Magistrate Judge, however, found that Plaintiff did not establish a genuine issue of material fact for the subjective prong (*id.* at 7-10 PageID.731-34).

### A. Defendant's Objection

The Magistrate Judge found that a prisoner satisfies the objective prong by establishing that prison officials were aware of a substantial risk of harm to a particular prisoner even if the officials were unaware of who might commit the assault (R&R at 6 PageID.730).

Defendant objects and explains that the Magistrate Judge relied on an unpublished opinion. Defendant contends that the individual who interviewed Plaintiff, Goostrey, about the alleged threats was unable to substantiate any risk to Plaintiff.

The court overrules Defendant's objection. While the Magistrate Judge did cite an unpublished opinion, that opinion (as explained in the R&R), cited a published case for the relevant statement concerning the objective test. *See Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004). While the MDOC (Goostrey) concluded that a particular threat to Plaintiff's life could not be confirmed, he did conclude that "a threat against his life could be a real possibility" (ECF No. 50-2 PageID.417). Goostrey recommended Plaintiff be placed in the

CHP (confinement pending hearing) unit (ECF No. 53-1 Goostrey Dep. at 58 PageID.666). And prison officials did place Plaintiff in CPH "for his protection" (*id.*). Viewing this evidence in the light most favorable to Plaintiff, he met the objective prong.

### B. Plaintiff's Objection

The Magistrate Judge concluded that Plaintiff did not establish a genuine issue of material fact for the subjective prong of his Eighth Amendment claim. The Magistrate Judge found that the evidence did not show that Defendant failed to reasonably respond to a risk to Plaintiff of which Defendant was aware (R&R at 8 PageID.732).

Plaintiff objects. On page 11 of the objection, Plaintiff argues that the

> evidence demonstrates that Defendant knew Plaintiff was in protective custody due to a credible threat on his life, expressed personal animus toward Plaintiff on multiple occasions, was warned directly by Plaintiff of the immediate danger when she left his door open, and consciously chose to ignore that warning by abandoning her post.

(ECF No. 60 PageID.747). Plaintiff largely repeats this same argument on page 14 (*id.* PageID.750). The court has endeavored to address these concerns.

### 1. Defendant's Knowledge

Plaintiff has not pointed to any evidence that Defendant knew Plaintiff was in protective custody due to a credible threat on his life. At best, Defendant knew Plaintiff was placed in CHP for protective reasons (Goostrey Dep. at 59 PageID.667). Plaintiff does not identify any evidence in the record to show that Defendant had any additional knowledge. On page 4 of the objection, Plaintiff contends that "Houghtaling told Defendant he faced a credible threat from the Gangster Disciples gang due to his cooperation with authorities" (ECF No. 60 PageID.740). Plaintiff cites his response to the motion for summary judgment

3

(ECF No. 52 PageID.576).  On that page, Plaintiff alleges he told Goostrey about the threat, not Defendant.  Plaintiff also cites his initial complaint (ECF No. 1 PageID.5-6).  Those two pages do not contain any allegation to support the factual assertion in Plaintiff's objection.[1]  Defendant testified that she had no knowledge of what the potential threat was against Plaintiff that justified his placement in CHP (ECF No. 50-8 Def. Dep. at 20-21 PageID.502-02).  The court cannot find any other factual allegations in the objection purporting to support the allegation that Defendant was aware of a threat to Plaintiff's life.  Plaintiff's objection does not establish a factual or legal error in the R&R.

## 2. Danger Resulting from the Open Door

The record does not support Plaintiff's assertion that he warned Defendant of the danger posed by leaving the cell door open.  Plaintiff addresses this issue on page 8 and 9 (PageID.744-45) of his objection.  The citations to the record in the relevant paragraph do not support Plaintiff's assertions.  Plaintiff did testify that he asked Defendant to shut his door because he was in protective custody (ECF No. 52-7 Pl. Dep. at 30 PageID.602; at 73 PageID.607).  Plaintiff's request and his statement that he was on protective custody does not permit the inference necessary to create a genuine issue of material fact for the subjective prong.  This evidence does not permit the inference that Defendant had knowledge of any particular threat to Plaintiff.  Courts have recognized that prisons are dangerous places for

---

[1] The initial complaint has no evidentiary value at this point in the litigation.  When a plaintiff files an amended complaint, the initial complaint becomes a "nullity" and no longer serves any function in the lawsuit.  *See Bare v. Cardinal Health, Inc.*, No. 22-5557, 2023 WL 395026, at *2 (6th Cir. Jan. 25, 2023) (citing *B&H Med., LLC v. ABP Admin., Inc.*, 526 F.3d 257, 267-68 n.8 (6th Cir. 2008)).  The word "nullity" means "something that is legally void."  Black's Law Dictionary (8th ed. 1999).

inmates. *Spear v. Sowders*, 71 F.3d 626, 630 (6th Cir. 1995) (en banc). As a result, for the subjective prong, a plaintiff must show more than knowledge of the general risk of violence posed by other inmates. *See Burnley v. Evans*, 249 F. App'x 492, 494 (8th Cir. 2007). Defendant's decision not to close the cell door may constitute negligence but it does not demonstrate a violation of Plaintiff's constitutional rights. Indeed, the open door did present an opportunity for another inmate to attack Plaintiff. But that outcome does not permit the inference that Defendant was aware of a threat to Plaintiff and failed to act on that threat by leaving the door open.

### 3.  Animus Towards Plaintiff

Plaintiff's evidence of Defendant's animus towards him does not establish a basis to reject the recommendations in the R&R. Without evidence that Defendant had any knowledge of a threat to Plaintiff, her animus towards Plaintiff does not create a genuine issue of material fact for an Eighth Amendment claim.

Accordingly, the court **ADOPTS** the report and recommendation (ECF No. 59) and **GRANTS** Defendant's motion for summary judgment and dismisses Plaintiff's Eighth Amendment claim (ECF No. 49). The court declines to exercise jurisdiction over Plaintiff's state law claim and dismisses that claim without prejudice. **IT IS SO ORDERED.**

Date:   December 9, 2025                                        /s/  Paul L. Maloney
                                                                Paul L. Maloney
                                                                United States District Judge